```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                           2:95-cr-33-FtM-29DNF

ALPHONSO JAMES, JR.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion to Reduce [Sentence] Pursuant to 18 U.S.C. § 3582 (Doc. #194), filed on March 1, 2005, and defendant's Supplement (Doc. #195) to the motion, filed on March 7, 2005. Defendant also filed a Request For This Court to Take Judicial Notice (Doc. #197) on March 23, 2005. At the Court's request (Doc. #196), the government filed a Response (Doc. #198) to defendant's motions.

    In 1995 defendant was charged in a one count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 922(e) and 2. (Doc. #1). Defendant was convicted of this offense following a jury trial. Defendant's base offense level under the Sentencing Guidelines was level 24, Sentencing Guidelines § 2K2.1(a)(2); based upon his status as an armed career offender under Sentencing Guidelines § 4B1.4(b)(3)(A), defendant's total offense level became level 34. Defendant's criminal history category, both under the criminal history computation and as a

career offender, was Category VI.  This resulted in a Sentencing Guidelines range of 262 to 322 months imprisonment.  Defendant was sentenced to 262 months imprisonment.

Defendant is now before the Court pursuant to 18 U.S.C. § 3582(c)(2), requesting that he be resentenced in light of Amendment 599 of the Sentencing Guidelines.  Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2000, the Sentencing Commission promulgated Amendment 599, which expanded the commentary of Sentencing Guidelines § 2K2.4 addressing the use of a firearm in relation to certain crimes.  The purpose of Amendment 599 was "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) . . . may receive weapon enhancements contained in the guidelines for those other offenses."  U.S.S.C. Guidelines Manual Supp. To App. C at 70.  See United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003); United States v. White, 305 F.3d 1264, 1266 (11th Cir. 2002).  Because Amendment 599 is listed in Sentencing Guidelines § 1B1.10(c), it applies retroactively using

a § 3582(c)(2) motion. United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003); United States v. Le, 256 F.3d 1229, 1239 (11th Cir. 2001), cert. denied, 534 U.S. 1145 (2002). The issue therefore is whether Amendment 599 applies factually to defendant's case. Armstrong, 347 F.3d at 908.

As noted above, defendant was not charged or convicted of violation of § 924(c), rather he was convicted of § 922(g) and § 924(e). Therefore, Amendment 599 is not applicable. United States v. Morrison, 2005 WL 927202 (5th Cir. April 20, 2005); United States v. Johnson, 122 Fed. Appx. 859,861 (7th Cir. 2005). Additionally, defendant's Sentencing Guidelines enhancement was not because of the use of a firearm, but because his prior convictions rendered him an armed career offender. "Amendment 599 was promulgated in order to prevent 'double counting' for firearms use in any one criminal event." Pringle, 350 F.3d at 1180. Contrary to defendant's argument, Amendment 599 does not affect § 924(e). There was no impermissible double counting within the meaning of Amendment 599, which does not apply under the facts of this case. United States v. Hickey, 280 F.3d 65 (1st Cir.), cert. denied, 537 U.S. 855 (2002).

Section 3582(c) does not provide jurisdiction for the Court to consider defendant's arguments concerning whether he had a sufficient number of qualifying felony convictions under § 924(c). Defendant filed both a direct appeal and a motion under 28 U.S.C.

§ 2255, and cannot raise these issues under § 3582(c). There is no other jurisdictional basis upon which other issues can be reviewed. Similarly, defendant's argument under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) cannot be reviewed. <u>Booker</u> is not retroactive to criminal cases that became final before its release on January 12, 2005, and cannot be raised in collateral proceedings, <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>In re Anderson</u>, 396 F.3d 1336, 1339 (11th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005) or pursuant to § 3582(c)(2). <u>Morrison</u>, 2005 W.L. 927202.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #194) is **DENIED**.

2. The Supplement (Doc. #195) motion is **DENIED**.

3. The Request for This Court to Take Judicial Notice (Doc. #197) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of April, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Alphonso James, Sr.
United States Attorney (Viacava)