UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:95-cr-33-FtM-29DNF

ALPHONSO JAMES, SR.
_____

**OPINION AND ORDER**

  This matter comes before the Court on defendant's Motion to Reduce Pursuant to 18 U.S.C. § 3582 (Doc. #201), filed on May 6, 2005, which seeks a reduction of sentence pursuant to Amendment 433 to the Sentencing Guidelines.  Defendant also filed a General Affidavit (Doc. #202).  The Court directed the government to file a response, and a Response (Doc. #205) was filed on July 8, 2005.  Defendant filed a Response to Government's Response (Doc. #206) on July 20, 2005, and a Judicial Notice of Adjudicative Facts (Doc. #207) on August 17, 2005.  Also before the Court is defendant's Petition for Writ Mandamus (Doc. #208) seeking to compel a reduction of his sentence pursuant to Amendment 433.

**I.**

  On May 30, 1995, defendant was charged in a one count Indictment with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) and 2.  (Doc.

#1). The Indictment set forth the following prior felony convictions: Robbery with a firearm in 1981; Sale of a controlled substance in 1988; Possession of a controlled substance with intent to sell or deliver on January 22, 1990; and possession of a controlled substance with intent to sell or deliver on January 29, 1990. Defendant was convicted following a jury trial. On March 1, 1996, defendant was sentenced to 262 months imprisonment, followed by 36 months supervised release. (Doc. #70).

Defendant filed a direct appeal, and by a mandate issued February 22, 2001 (Doc. #145), the Eleventh Circuit Court of Appeals affirmed defendant's conviction and sentence. On April 9, 2002, the District Court denied defendant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody (Doc. #163). (Doc. #185). On April 27, 2005, the District Court rejected a Motion to Reduce [Sentence] Pursuant to 18 U.S.C. § 3582 seeking a sentence reduction on the basis of Amendment 599 of the Sentencing Guidelines. (See Doc. #199).

**II.**

Defendant is now before the Court pursuant to 18 U.S.C. § 3582(c)(2), requesting that he be resentenced in light of Amendment 433 of the Sentencing Guidelines. Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of

>     the defendant or the Director of the Bureau of Prisons,
>     or on its own motion, the court may reduce the term of
>     imprisonment, after considering the factors set forth in
>     section 3553(a) to the extent that they are applicable,
>     if such a reduction is consistent with applicable policy
>     statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Court finds that this statute is not applicable to defendant's case, and therefore the court lacks jurisdiction.

The Sentencing Commission promulgated Amendment 433 effective November 1, 1991. Defendant was sentenced pursuant to the November 1, 1995 version of the Sentencing Guidelines. (Presentence Report, ¶ 3). Thus, Amendment 433 was in effect on defendant's March 1, 1996, sentencing date, and had already been incorporated into the Sentencing Guidelines. U.S. Sentencing Guidelines § 4B1.2, Application Note 2 (1995). Therefore, this is not a case of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . .," as required by 18 U.S.C. § 3582(c)(2)(emphasis added). Having found that defendant's situation does not fall within § 3582(c), the court lacks jurisdiction to consider defendant's claim. <u>United States v. Castra</u>, No. 04-15275, 2005 WL 2436484, *3 (11th Cir. Oct. 4, 2005)[1](citing <u>United States v. Bravo</u>, 203 F.3d 778, 781-82 (11th Cir. 2000)).

---

[1] Copy of slip opinion attached.

To the extent defendant is challenging the application of the Sentencing Guidelines, the Court has no jurisdiction under § 3582(c) or any other procedural mechanism. Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of jurisdiction even though none are identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The jurisdiction of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315. The Court finds no basis for jurisdiction in this case to modify the sentence.

A portion of Title 18 U.S.C. § 3582 provides jurisdiction to modify a sentence. Title 18 U.S.C. § 3582(b) refers to the possibility of modifying a sentence, but this provision only defines a final sentence and does not provide a mechanism for modifying a sentence. United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003), cert. denied, 541 U.S. 966 (2004). Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit

such a modification, as discussed further below, and no Rule 35(b) motion has been filed by the government.

Federal Rule of Criminal Procedure 35(a) does not provide jurisdiction because it gives a District Court jurisdiction to correct a sentence only within seven days after sentencing and then only for errors resulting from arithmetical, technical, or other clear error. The seven day period is a jurisdictional restriction. Diaz-Clark, 292 F.3d at 1317. As noted above, no Rule 35(b) motion concerning substantial assistance was ever filed by the government.

Federal Rule of Criminal Procedure 36 allows the court to correct clerical errors or errors in the record arising from oversight or omission. None of these situations apply in this case, and therefore the Court has no jurisdiction under Rule 36. United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004), cert. denied, 125 S. Ct. 448 (2004).

A motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is not available because permission from the Eleventh Circuit is required to file a second or successive § 2255 motion, and permission was denied in this case on December 9, 2004. (See Doc. #193). Additionally, defendant has not demonstrated that there exists newly discovered evidence that would establish innocence or that a new rule of constitutional law has been made retroactive to his case. In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003); 28 U.S.C. § 2255.

A writ of error coram nobis is not available to defendant. Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001). This authority, however, is extremely limited. A writ of coram nobis "is an extraordinary measure of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d at 1366 n. 1; United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The standard for coram nobis relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29. To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d at 475; (2) there is and was no other available and adequate avenue of relief, Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.), cert. denied, 531 U.S. 929 (2000); United States v. Mills, 221 F.3d at 1204; and, (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself

irregular and invalid." Alikhani v. United States, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990)). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). Defendant satisfies none of the requirements in this case.

    A writ of prohibition is also unavailable to defendant. "Writs of prohibition are not issued unless the petitioner shows exceptional circumstances amounting to a judicial usurpation of power." In re Wainwright, 678 F.2d 951, 953 (11th Cir. 1982)(citations and internal quotations omitted). Defendant's only argument for the reduction in sentence is that the sentence should be reduced pursuant to Amendment 433, which is incorrect. Therefore, jurisdiction cannot be created by treating defendant's request as a writ of prohibition.

    A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989); In re Am.

Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993).  The Court finds that defendant has failed to meet this burden.  Defendant is not entitled to mandamus relief because he is not entitled to a sentence reduction pursuant to Amendment 433 under § 3582 or any other provision.

Having considered all the possible bases of jurisdiction, the Court finds that no jurisdiction exists in this case.

In any event, defendant's sentence in this case fully complied with the November 1, 1995 version of the Sentencing Guidelines.[2] Amendment 433 amended the Sentencing Guidelines Application Notes for the definitions of terms to be used in the Career Offender section of the Sentencing Guidelines (§ 4B1.1).  To be a career offender, a defendant had to be at least eighteen years old, the instant offense of conviction had to be a felony that was either a crime of violence or a controlled substance offense, and defendant

---

[2] The base offense level for an offense under 18 U.S.C. § 922(g) was found at Sentencing Guidelines Section 2K2.1. Defendant's base offense level was determined to be 24 because defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  Section 2K2.1(a)(2) was applied based on defendant's prior conviction of robbery with a firearm (a crime of violence) and the two felony convictions for possession of a controlled substance with intent to sell or deliver (controlled substance offenses) as defined under Section 4B1.2.  The Total Offense Level was 24 because there were no further Sentencing Guidelines adjustments.  Defendant was determined to be an armed career criminal and therefore subject to an enhanced total offense level pursuant to Sentencing Guidelines § 4B1.4.  The total offense level was determined to be 34 under Section 4B1.4(b)(3)(A) because defendant used or possessed the firearm in connection with a crime of violence, i.e. an aggravated assault with a firearm.

had to have at least two prior felony convictions of either a crime of violence or a controlled substance offense. Sentencing Guidelines § 4B1.1. The Presence Report clearly stated that the career offender Sentencing Guideline, § 4B1.1, was not applicable. (Presentence Report, ¶23). Rather, defendant was sentenced as an armed career offender under Sentencing Guidelines § 4B1.4(b)(3)(A) because defendant "used or possessed the firearm . . . in connection with a crime of violence . . . as defined in § 4B1.2(1), . . ." (Presentence Report, ¶ 42). Unlike the career offender provision, this does not require the charged possession of a firearm by a convicted felon to be a crime of violence, but only that the use or possession of the firearm is "in connection with" a crime of violence. The "in connection with" a crime of violence requirement "merely reflects the context of [defendant's] possession of the firearm," United States v. Young, 115 F.3d 834, 838 (11th Cir. 1997), cert. denied, 522 U.S. 1063 (1998), and does not require a conviction for the connected crime. United States v. Mellerson, 145 F.3d 1255, 1257-58 (11th Cir. 1998). The context of this case was an aggravated assault with a firearm state charge, and the evidence fully justified the application of the armed career offender Sentencing Guideline.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

    1.   Defendant's Motion to Reduce Pursuant to 18 U.S.C. 3582 (Doc. #201) is **DISMISSED** for lack of jurisdiction.

    2.   Defendant's Petition for Writ Mandamus (Doc. #208) is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November, 2005.

                                                 JOHN E. STEELE
                                                 United States District Judge

Copies:
AUSA
Alphonso James, Sr.