UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         2:95-cr-33-FtM-29

ALPHONSO JAMES, SR.
_____

**ORDER**

     This matter comes before the Court on defendant's Motion for Disqualification of U.S. District Judge Mr. John E. Steele (Doc. #214), filed on March 1, 2006.  Defendant seeks to disqualify the undersigned because defendant has filed a complaint for Judicial Misconduct or Disability against the undersigned with the Eleventh Circuit Court of Appeals.[1]  Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard of review "'is whether an objective, disinterested, lay observed fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality,' [ ], and any doubts must be resolved in favor of recusal, [ ]." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)(quoting Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir.

---

[1] The Court notes that the mere filing or existence of a judicial misconduct complaint does not oblige a judge to step down or automatically disqualify him or herself. In re Mann, 229 F.3d 657, 658 (7th Cir. 2000).

1988))(citation omitted), cert. denied, 540 U.S. 1149 (2004). Under § 455(b), specific circumstances set forth therein must be present, such as "a personal bias or prejudice concerning a party" or "personal knowledge of disputed evidentiary facts." See also Patti, 337 F.3d at 1321.  Defendant does not enumerate or suggest that any of the factors under subsection (b) are present.

No matter is currently pending before the undersigned involving defendant.  Therefore, the Court finds no pending motions from which to disqualify himself.  Additionally, the Court finds that a reasonable person would not find an interest or bias in the case requiring recusal by the undersigned, and that the elements of 455(b) are not applicable.  The motion will be denied.

The Court notes that defendant filed a Notice of Inquiry (Doc. #213) on February 17, 2006.  To the extent that defendant seeks a ruling on his Motion to Reduce Pursuant to 18 U.S.C. § 3582, filed on May 6, 2005, that matter was decided by Opinion and Order on November 15, 2005.  The Court will direct the Clerk to provide another copy to defendant.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion for Disqualification of U.S. District Judge Mr. John E. Steele (Doc. #214) is **DENIED**.

2.  Defendant's Notice of Inquiry (Doc. #213) is **GRANTED** to the extent that the Clerk shall provide defendant a copy of the November 15, 2005, Opinion and Order (Doc. #209).

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of March, 2006.

                                          JOHN E. STEELE
                                          United States District Judge

Copies:
AUSA
Defendant